# Tillis *v.* County Commissioners of Covington.

*Certiorari to County Commissioners, in matter of Increased
Assessment for Taxation.*

1. *Appearance as waiver of notice.*—A person whose assessment of prop-
erty for taxation has been increased by the Commissioners Court at
its August term (Code, § 512; Sess. Acts 1886-7, p. 10, §13), can not
complain that he did not have legal notice of the proceeding, when
orders of the court show that it was twice continued at his instance.

APPEAL from the Circuit Court of Covington.
Tried before the Hon. JOHN P. HUBBARD.

W. D. ROBERTS, for appellant.

JOHN GAMBLE, *contra*.

STONE, C. J.—In making his return of taxables for the
year 1889, the appellant reported his solvent dues to the tax-

[Tillis v. County Commissioners of Covington.]

assessor at five thousand dollars. The Court of County Commissioners, at its August term of that year, proposed to raise that item to twenty thousand dollars, and made the following order: "Ordered by the Commissioners Court, that the taxes as given in by Richard Tillis, on solvent credits for $5,000, be raised to $20,000, and the defendant notified to appear before said court on September 9, 1889, to show cause why said raise should not be made, if he has any." It is not shown at whose instance, or on what complaint or showing, this order was made; and the record does not disclose that any written notice, or, in fact, that any notice of this order, was given to Tillis, the tax-payer.

On September 9, 1889, this order was made: "By agreement of the defendant, the above case is continued until September 30, 1889;" and on September 30, 1889, the following order was entered: "On application of the defendant, the above stated cause was continued until the first Monday in November next." The next, and only other order made in the cause, bears date November 4, 1889, being the first Monday of that month, and is in the following language: "This cause coming up to be heard this day, the defendant, being called, did not answer, but made default." The court thereupon ordered that the said increased assessment be made absolute, and the said Tillis' taxable solvent credits be fixed at twenty thousand dollars.

This proceeding, on the petition of Tillis, was carried by common-law *certiorari* to the Circuit Court, and motion was there made to vacate and quash the increased assessment. The Circuit Court overruled the motion, and dismissed the *certiorari*, at the costs of the petitioner. The present appeal is from that ruling.

It is contended before us that this proceeding was irregular and void, first, because it was instituted under section 512 of the Code of 1886, and that under that section the Court of County Commissioners had no jurisdiction of the question, raised as it was in this case; and, second, because five days written notice of the proceeding was not given to Tillis, the tax-payer.

We need not consider, and do not announce, what would be our ruling, if section 512 remained as it appears in the Code of 1886. It was very materially altered and amended by the statute amending the revenue law, approved February 28, 1887.—Sess. Acts of 1886–87, p. 10, § 13. Making provision for the correction of assessments at the August term of the Court of County Commissioners, that amended section has the following language: "If the tax-payer appears in person, or

[Trammell v. Connor.]

by attorney, or has had five days notice, the court shall raise or reduce the valuation of any property or subject of taxation, and fix it at the sum which the evidence shows to be the fair market, or real value thereof, and shall add such items of taxation, and fix the value thereof, as may have escaped assessment."

In the present case, it is shown that Tillis appeared personally before the Court of County Commissioners on two occasions, and obtained a continuance of the cause. That shows he had knowledge of the pending motion to increase his assessment, and brings the case directly within the letter of the amendatory statute. The amendment, in terms, confers on the court, at its August term, jurisdiction to try and determine the precise question which this record presents; and section 515 of the Code of 1886 commands that the powers we have enumerated as conferred on "the Court of County Commissioners, shall be liberally construed."

We find no error in any of the rulings in this cause, and the judgment of the Circuit Court must be affirmed.